7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Antonio SOLOMON, Plaintiff-Appellant,
v.
Ann EMERY; Faye Gardener; Ms. Hargrave, Defendants-Appellees.
 No. 93-6599.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 17, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-92-844-CRT-BR)
 Antonio Solomon, Appellant Pro Se.
 E.D.N.C.
 DISMISSED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal is before the Court on Appellant's untimely notice of appeal. An untimely notice of appeal does not invoke this Court's appellate jurisdiction. Consequently, we dismiss the appeal.
 
 
 2
 The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). For excusable neglect or good cause shown the district court may extend the filing period an additional thirty days. Fed. R. App. P. 4(a)(5).
 
 
 3
 Appellant's failure to file a timely notice of appeal* or to obtain an extension of the appeal period leaves this Court without jurisdiction to consider the merits of Appellant's appeal. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988)